DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| CESAR CASTILLO, INC., | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 2012-108 |
| HEALTHCARE ENTERPRISES, L.L.C., d/b/a PRINCESSE PHARMACY; OCTAVIO RX, ENTERPRISES, L.L.C., d/b/a CHRISTIAN'S PHARMACY & MEDICAL SUPPLIES; and GERARD M. CHRISTIAN, | ) |
| Defendants. | ) |

**Attorneys:**
**Wilfredo A. Geigel, Esq.,**
St. Croix, U.S.V.I.
 *For the Plaintiff*

**Warren B. Cole, Esq.,**
St. Croix, U.S.V.I.
 *For the Defendants*

## MEMORANDUM OPINION

**Lewis, Chief Judge**

 THIS MATTER is before the Court on Defendants' Motion to Dismiss. (Dkt. No. 5). For the reasons that follow, the Court will grant Defendants' Motion and dismiss Plaintiff's Complaint without prejudice.

### I. BACKGROUND

 Plaintiff, a company selling pharmaceutical and chemical products, alleges that it extended credit to Defendants for purchases made in 2010 and 2011, and that Defendants ceased payment on the debt owed in late 2011. (Dkt. No. 1). Plaintiff contends that it entered into multiple payment

schedule agreements with Defendants, none of which have been honored. (Dkt. No. 1 at 2). Plaintiff filed suit to collect on the outstanding balance owed, as well as a 30% penalty Plaintiff alleges it is owed based on the initial credit agreement. (Dkt. No. 1 at 2-3). Defendants filed the instant Motion in lieu of answering, arguing that Plaintiff failed to properly plead a basis for this Court's jurisdiction.[1] The Court agrees that Plaintiff's Complaint fails to properly assert a basis for jurisdiction, and thus will grant Defendants' Motion and dismiss the action without prejudice.

## II. DISCUSSION

### A. Applicable Law

Defendants' Motion, brought pursuant to Federal Rule of Civil Procedure 12(b)(1), challenges the Court's authority to hear this case by attacking the basis for subject matter jurisdiction pleaded in the Complaint. *Robinson v. Dalton,* 107 F.3d 1018, 1021 (3d Cir. 1997); Fed. R. Civ. P. 12(b)(1). Rule 12(b)(1) motions may be facial or factual challenges to the pleadings. The former looks to "whether the allegations on the face of the complaint, taken as true, allege facts sufficient to invoke the jurisdiction of the district court." *Common Cause of Pa. v. Pennsylvania,* 558 F.3d 249, 257 (3d Cir.2009) (internal citations omitted). The latter challenges the existence of facts sufficient to confer the requisite subject matter jurisdiction. *Carpet Grp. Int'l. v. Oriental Rug Imps. Ass'n, Inc.,* 227 F.3d 62, 69 (3d Cir. 2000), *overruled in part on other grounds by Animal Sci. Prods. v. China Minmetals Corp.,* 654 F.3d 462 (3d Cir. 2011). When a defendant challenges subject matter jurisdiction prior to answering or before discovery, the motion is by definition a facial attack. *Askew v. Trs. of the Gen. Assembly of the Church of the Lord Jesus*

---

[1] Defendants also argued that the Court should abstain from hearing Plaintiff's suit pursuant to the *Colorado River* doctrine, because a duplicative suit was previously filed in the Superior Court of the Virgin Islands. (Dkt. No. 5 at 1). Plaintiff has withdrawn the Superior Court suit, (Dkt. No. 6, Ex. 1), and Defendants "concede that the basis for abstention no longer exists," (Dkt. No. 6 at 2). Accordingly, the Court addresses only Defendants' jurisdictional argument.

2

*Christ of Apostolic Faith,* 684 F.3d 413, 417 (3d Cir. 2012) (Rule 12(b)(1) motion brought before discovery is necessarily a facial attack because the facts have not yet been established).

Defendants' Motion in this case was filed prior to the filing of an answer or the commencement of any discovery. Thus, the Motion is a facial attack. The Court will therefore look to the face of the Complaint to determine whether subject matter jurisdiction has been sufficiently pleaded. *See FirstBank Puerto Rico v. AMJ, Inc.*, 2013 WL 4766538, *2 (D.V.I. Sept. 4, 2013).[2]

District courts have diversity jurisdiction over civil actions if all opposing litigants are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Complete diversity between all plaintiffs and all defendants in the action is thus required to properly invoke this jurisdictional basis. *See Kaufman v. Allstate N.J. Ins. Co.,* 561 F.3d 144, 148 (3d Cir. 2009). District courts also have federal question jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C.A. § 1331. It is "well settled that Fed.R.Civ.P. 8(a)(1) does not require a plaintiff to set forth the statutory basis for the district court's subject-matter jurisdiction in order for the court to assume jurisdiction, as long as sufficient facts are alleged to bring the case within the court's jurisdiction." *Caldwell v. Miller*, 790 F.2d 589, 595 (7th Cir. 1986) (collecting cases).

---

[2] The Court will not, however, look to Plaintiff's Opposition to cure any deficiency in the pleading. *Commw. of Pa. ex. rel Zimmerman v. PepsiCo, Inc.,* 836 F.2d 173, 181 (3d Cir.1988) ("It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss."). Assertions raised for the first time in its Opposition, therefore, will not enable Plaintiff to survive an otherwise meritorious motion to dismiss. *Frederico v. Home Depot*, 507 F.3d 188, 202 (3d Cir. 2007) (citing *Unger v. National Residents Matching Program,* 928 F.2d 1392, 1400 (3d Cir.1991)).

### B. Analysis

Plaintiff does not allege a statutory basis for jurisdiction in the Complaint. It does, however, allege an amount in controversy in excess of $75,000 and Defendants' citizenship. The Complaint makes no mention of a federal question. (Dkt. No. 1). Accordingly, the Court will determine whether the pleading alleges facts sufficient to invoke diversity jurisdiction. *See Common Cause of Pa.,* 558 F.3d at 257.

Plaintiff must be diverse from all Defendants in order for the Court to exercise diversity jurisdiction. *Kaufman,* 561 F.3d at 148. For purposes of determining corporate citizenship "under 28 U.S.C. § 1332(c)(1), a corporation 'shall be deemed to be a citizen of any State by which it has been incorporated *and* of the State where it has its principal place of business.'" *Hunt v. Acromed Corp.*, 961 F.2d 1079, 1080 (3d Cir. 1992) (emphasis added). In the case of a limited liability company (LLC), citizenship is determined by the citizenship of all partners or members. *Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010) (collecting cases across circuits). An LLC, like two of the instant Defendants, "takes on the citizenship of each of its [members]." *Id.*, 592 F.3d at 419; *Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179, 182 (3d Cir. 2008).

Here, the Complaint states that Defendants are "all citizens and residents of St. Croix, U.S. Virgin Islands." (Dkt. No. 1 at 1). The accuracy of this allegation is not properly before the Court on a facial attack. *See Carpet Grp. Int'l.,* 227 F.3d at 69 (factual, rather than facial, attacks challenge the actual basis for jurisdiction). In determining whether to grant Defendants' Motion, the Court takes the allegations on the face of the complaint as true, and thus views Defendants' alleged citizenship as sufficiently pleaded. *See AMJ, Inc.*, 2013 WL 4766538 at *4; *Common Cause of Pa.,* 558 F.3d at 257.

With regard to Plaintiff's citizenship, however, the Complaint states only that "Plaintiff is a Commonwealth of Puerto Rico Corporation." (Dkt. No. 1 at 1). A corporation is a citizen of any state or territory in which it is incorporated, *and* where its principal place of business is located. *Hunt,* 961 F.2d at 1080 (emphasis added). Plaintiff does not state precisely the place of its incorporation,[3] nor does it state the location of its principal place of business. Accordingly, its citizenship—and consequently whether it is diverse from all Defendants—cannot be determined from the face of the Complaint.

The Court thus finds that because the Complaint lacks facts sufficient to determine diversity, Plaintiff has not properly pleaded a basis for the Court's subject matter jurisdiction. *See J & R Ice Cream Corp. v. California Smoothie Licensing Corp.*, 31 F.3d 1259, 1265 (3d Cir. 1994) (jurisdiction was not properly pleaded where the complaint alleged a state of incorporation but left open the question of principal place of business); *Hunt,* 961 F.2d at 1082. The appropriate remedy is dismissal, without prejudice, pursuant to Rule 12(b)(1). *See Robinson,* 107 F.3d at 1020.

### III. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss will be granted, and Plaintiff's Complaint will be dismissed, without prejudice. An appropriate Order accompanies this Opinion.

Date: June 4, 2014 _____/s/_____
WILMA A. LEWIS
Chief Judge

---

[3] It is unclear whether a "Commonwealth of Puerto Rico Corporation" is intended to mean that the corporation was incorporated in the Commonwealth of Puerto Rico.

5