DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| CESAR CASTILLO, INC., ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Civil Action No. 2012-108 |
| ) | |
| HEALTHCARE ENTERPRISES, L.L.C., d/b/a ) | |
| PRINCESSE PHARMACY; OCTAVIO RX, ) | |
| ENTERPRISES, L.L.C., d/b/a CHRISTIAN'S ) | |
| PHARMACY & MEDICAL SUPPLIES; and ) | |
| GERARD M. CHRISTIAN, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**Attorneys:**
**Wilfredo A. Geigel, Esq.,**
St. Croix, U.S.V.I.
  *For Plaintiff*

**Warren B. Cole, Esq.,**
St. Croix, U.S.V.I.
  *For Defendants*

## MEMORANDUM OPINION

**Lewis, Chief Judge**

  THIS MATTER comes before the Court on "Defendant Gerard M. Christian's Motion to Dismiss First Amended Complaint," in which Defendant Christian seeks dismissal of all claims "that rely on personal liability under a corporate 'alter ego' theory." (Dkt. No. 15 at 1). Plaintiff has filed its "Opposition to [Defendant Christian's] Motion to Dismiss First Amended Complaint" (Dkt. No. 17), and Defendant Christian submitted a "Reply to Plaintiff's Opposition to Motion to Dismiss" (Dkt. No. 20).[1] For the reasons set forth below, the Court will grant Defendant Christian's

---

[1] Plaintiff also filed a "Motion Requesting Ruling" on July 13, 2016. (Dkt. No. 22). The Court will deny Plaintiff's Motion because this Memorandum Opinion and the accompanying Order will render moot Plaintiff's requested relief.

Motion to Dismiss.

## I.     BACKGROUND

Plaintiff, a company selling pharmaceutical and chemical products, alleges that it extended credit to Defendants for purchases Defendants made in 2010 and 2012 in the amount of $235,945.00, and that Defendants ceased making payments in late 2011. (Dkt. No. 13 at 2).[2] Plaintiff contends that it entered into two payment agreements with Defendants, but Defendants have failed to honor them. (*Id.* at 2). Plaintiff alleges that as of July 2014, Defendants owed it $213,542.19. (*Id.* at ¶ 11). Plaintiff seeks to collect the outstanding balance owed from Defendant Healthcare Enterprises, L.L.C. d/b/a Princesse Pharmacy and Defendant Octavio RX, Enterprises, L.L.C., d/b/a Christian's Pharmacy & Medical Supplies (collectively "Corporate Defendants") as well as Defendant Christian. (Dkt. No. 13 at 3). Plaintiff alleges that Corporate Defendants "are shell corporations or alter egos of [Defendant] Christian, owner of the different establishments known as Princesse Pharmacy, [and] Christian's Pharmacy & Medical Supplies." (*Id.* at ¶ 5).

In lieu of answering, Defendant Christian filed the instant Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that Plaintiff fails to properly plead a cause of action against him under an alter-ego theory. (Dkt. No. 15).[3] Defendant Christian argues that, except for the "barebones allegation" in paragraph 5 of the Amended Complaint that Corporate

---

[2] Plaintiff filed its original Complaint on November 30, 2012 (Dkt. No. 1), and Defendants filed a Motion to Dismiss the same for failure to properly plead a basis for this Court's jurisdiction (Dkt. No. 5). In an Order and accompanying Memorandum Opinion, the Court granted Defendants' Motion to Dismiss and dismissed Plaintiff's Complaint without prejudice. (Dkt. Nos. 8, 9). Plaintiff subsequently filed its Amended Complaint, which is the operative Complaint. (Dkt. No. 13). Except for slight changes in the allegations regarding diversity jurisdiction, the original Complaint and the Amended Complaint are identical. (*See* Dkt. No. 13-1 (redline of Amended Complaint)).

[3] Corporate Defendants filed their answer to the Amended Complaint and counterclaims on July 1, 2014. (Dkt. No. 14).

Defendants are shell corporations or alter egos, "[Plaintiff] provide[s] no factual support whatsoever that [Defendant] Christian is the alter ego of the named limited liability companies." (*Id.* at 2, 6). Thus, Defendant Christian requests that the Court dismiss those claims "against [Defendant] Christian in an individual capacity pursuant to an alter-ego theory of liability for the debts of the [Corporate Defendants]." (*Id.* at 8).

In its Opposition, Plaintiff argues that Defendant Christian's focus on paragraph 5 of the Amended Complaint ignores paragraphs 6-10 and 12 which show "[Defendant] Christian acting, personally, on his own behalf and on behalf of his limited liability corporation." (Dkt. No. 17 at 1). Plaintiff asserts that the Amended Complaint "contains all the necessary factual matter that must be accepted as true to claims for relief that are plausible in this stage of the litigation." (*Id.* at 3). Plaintiff goes on to state that "even assuming that [Corporate Defendants] are not alter egos . . . [Defendant] Christian entered into an agreement with [P]laintiff in which he, as the sole owner of [Corporate Defendants], agreed to make payments and agree[d] to a payment plan to pay[ ]off the debt, personally." (*Id.*).

In his Reply, Defendant Christian argues that he "does not seek to dismiss the alter-ego claim merely based on paragraph 5 . . . but based on Plaintiff's failure to allege any facts in support of the conclusion in paragraph 5 that [Corporate Defendants] are 'shell corporations or alter egos of [Defendant] Christian.'" (Dkt. No. 20 at 1). Defendant Christian argues that the Amended Complaint is devoid of any factual allegations from which one can draw "a plausible inference that [Defendant] Christian used his companies as a façade when doing business with Plaintiff." (*Id.* at 2).

The Court agrees with Defendant Christian that the Amended Complaint fails to properly plead a basis for holding him personally liable under an alter-ego theory, and thus will grant

3

Defendant Christian's Motion to Dismiss.

## II. DISCUSSION

### A. Applicable Legal Principles

Following *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Third Circuit described the analysis to be undertaken when presented with a motion to dismiss for failure to state a claim under Rule 12(b)(6):

> Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps. First, it must "tak[e] note of the elements [the] plaintiff must plead to state a claim." *Iqbal*, 556 U.S. at 675, 129 S.Ct. 1937. Second, it should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679, 129 S. Ct. 1937. *See also Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011) ("Mere restatements of the elements of a claim are not entitled to the assumption of truth." (citation and editorial marks omitted)). Finally, "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679, 129 S.Ct. 1937.

*Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (omitting footnote). Accepting all well-pleaded factual allegations as true, courts must "construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Advanced Rehab., LLC v. UnitedHealthgroup, Inc.*, 498 F. App'x 173, 176 (3d Cir. 2012) (quoting *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009)) (quotations omitted). "A district court may grant the motion to dismiss only if . . . it determines that plaintiff is not entitled to relief under any reasonable reading of the complaint." *Acosta v. Hovensa, LLC*, 53 V.I. 762, 771 (D.V.I. 2010) (quoting *Capogrosso v. Supreme Court of N.J.*, 588 F.3d 180, 184 (3d Cir. 2009)) (internal quotations and brackets omitted).

Determining whether the well-pleaded facts plausibly give rise to a claim for relief "is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Connelly*, 809 F.3d at 786-87 (quoting *Iqbal*, 556 U.S. at 679) (quotations

omitted). While the Court must determine whether the facts as pleaded state a plausible claim for relief, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts alleged is improbable and that a recovery is very remote and unlikely." *Fowler*, 578 F.3d at 213 (quoting *Twombly*, 550 U.S. at 556) (quotations omitted).

Regarding a cause of action under an alter-ego or piercing-the-corporate-veil theory, a plaintiff generally cannot sue the owners of a corporation based on the acts of the corporation unless "it can be shown that 'the shareholder or officer is doing business in his or her individual capacity without regard to corporate formality,' that is, whether it is appropriate to 'pierce the corporate veil.'" *Matheson v. Virgin Islands Community Bank, Corp.*, 297 F. Supp. 2d 819, 833 (D.V.I. 2003) (quoting *Strojmaterialintorg v. Russian Am. Commercial Corp.*, 815 F. Supp. 103, 105 (E.D.N.Y. 1993)). "Piercing the corporate veil is 'an equitable remedy whereby a court disregards the existence of the corporation to make the corporation's individual principals and their personal assets liable for the debts of the corporation.'" *Id.* (quoting *Trustees of Nat. Elevator Indus. Pension, Health Benefit & Educ. Funds v. Lutyk*, 332 F.3d 188, 192 (3d Cir. 2003)).

In the Virgin Islands, piercing the corporate veil is appropriate only "where the shareholder has exercised such domination and control over the corporation that the corporation has become an alter ego of the shareholder, and where the shareholder has utilized the corporate form to perpetuate the fraud or injustice at issue in the litigation." *Donastorg v. Daily News Publ'g Co., Inc.*, 63 V.I. 196, 333 (Super. Ct. 2015).[4] When determining whether there has been "sufficient domination and control over the corporation to justify treating the corporation and the shareholder

---

[4] Because this Court is sitting in diversity, the Court applies local law regarding piercing the corporate veil. *See Craig v. Lake Asbestos of Quebec, Ltd.*, 843 F.2d 145, 149 (3d Cir. 1988) (noting that "[a] federal court sitting in diversity must apply the state substantive law" and looking to "New Jersey law on piercing the corporate veil").

as a single entity," courts in the Virgin Islands examine the following nonexclusive list of factors: (1) whether the corporation suffers from gross undercapitalization; (2) failure to observe corporate formalities; (3) non-payment of dividends; (4) insolvency of debtor corporation; (5) siphoning of funds from the debtor corporation to the dominant stockholder; (6) nonfunctioning of officers; (7) absence of corporate records; and (8) whether the corporation is merely a facade for the operation of the dominant stockholder. *Id*. at 331-33. However, "[t]he corporate form should not be disregarded lightly." *Id.* at 333. "The Virgin Islands, as in other jurisdictions, will respect corporate separateness unless presented with a compelling reason to disregard such a well-entrenched concept." *Id.* at 334.[5]

### B.   Analysis

Applying the three-step process articulated in *Connelly*, the Court concludes that Plaintiff's Amended Complaint fails to state a claim for piercing the corporate veil of Corporate Defendants. To state a claim for relief that Defendant Christian is personally liable for the acts of Corporate Defendants, the Amended Complaint must contain well-pleaded factual allegations that Defendant Christian dominated and controlled Corporate Defendants to such an extent that they became his alter egos, and that Defendant Christian "utilized the corporate form to perpetuate the fraud or injustice at issue in the litigation." *Id.* at 333.

Keeping in mind the elements Plaintiff must allege to state a claim, the Court looks for allegations in the Amended Complaint that "because they are no more than conclusions, are not entitled to the assumption of truth." *Connelly*, 809 F.3d at 787 (quoting *Iqbal*, 556 U.S. at 679)

---

[5] In *Donastorg*, the Superior Court noted that "the Supreme Court of the Virgin Islands has never issued an opinion discussing the extent to which the concept of piercing the corporate veil applies in this jurisdiction" and accordingly proceeded to conduct the analysis required pursuant to *Banks v. International Rental & Leasing Corp.*, 55 V.I. 967, 979 (2011). *Donastorg*, 63 V.I. at 331.

(quotations omitted). The Court finds that Plaintiff's allegations in paragraph 5 of the Amended Complaint are mere conclusions. Paragraph 5 alleges that Corporate Defendants "are shell corporations or alter egos of [Defendant] Christian, owner of the different establishments known as Princesse Pharmacy, [and] Christian's Pharmacy & Medical Supplies." (Dkt. No. 13 at ¶ 5). However, determining whether a corporation is a "shell corporation" or "alter ego" of an individual depends on whether the individual exercised "domination and control over the corporation" and "utilized the corporate form to perpetuate the fraud or injustice at issue in the litigation." *Donastorg*, 63 V.I. at 333. Paragraph 5 is bereft of any factual assertions showing how Defendant Christian dominated and controlled Corporate Defendants or how Defendant Christian used the corporate form to perpetuate the alleged wrongdoing. Thus, the bare assertions in paragraph 5 that Corporate Defendants are shell corporations or alter egos is a legal conclusion rather than a factual allegation. Accordingly, these conclusory allegations are "not entitled to the assumption of truth" and will be disregarded for purposes of Defendant Christian's Motion to Dismiss. *Connelly*, 809 F.3d at 790 (noting that after *Twombly* and *Iqbal* "a reviewing court now affirmatively disregards a pleading's legal conclusions"); *see also Matheson*, 297 F. Supp. 2d at 833 ("It is not enough to make mere conclusory allegations that the shareholder is an 'alter-ego' of a corporation." (quoting *Strojmaterialintorg*, 815 F. Supp. at 105)) (quotations omitted); *Dadgostar v. St. Croix Fin. Ctr., Inc.*, 2011 WL 4383424, at *12 (D.V.I. Sept. 20, 2011) ("To survive a motion to dismiss, a plaintiff seeking to pierce the corporate veil must plead more than conclusory allegations that the individual owners abused the corporate form.").

In its Opposition to Defendant Christian's Motion to Dismiss, Plaintiff directs the Court's attention to paragraphs 6-10 and 12 in the Amended Complaint, asserting that these paragraphs contain allegations that Defendant Christian was "acting, personally, on his own behalf and on

behalf of his limited liability corporation[s]." (Dkt. No. 17 at 1). The Court is not persuaded by Plaintiff's argument and finds that paragraphs 6-10 and 12 in the Amended Complaint fail to plead a basis for piercing the corporate veil.

The Amended Complaint alleges that Plaintiff extended credit to Defendants and Defendants stopped making payments. (Dkt. No. 13 at ¶¶ 6, 7). It is alleged that Defendants and Plaintiff entered into two separate agreements "whereby [Defendant] Christian, owner of Christian's Pharmacy & Medical Supplies and Princesse Pharmacy" agreed to certain payment schedules, neither of which was kept, and Defendants currently owe Plaintiff $213,542.19. (*Id.* at ¶¶ 8-11). Finally, paragraph 12 of the Amended Complaint states in relevant part that Defendant Christian "entered into an agreement with [P]laintiff on its [sic] own behalf and on behalf of his enterprises" in which they agreed that, in the event legal action is taken on the past due payments, they "are obliged to pay the cost of the process plus 30% of the amount owed for legal fees." (*Id.* at ¶ 12) (italics removed).

The above well-pleaded factual allegations are entitled to a presumption of truth. However, even when the Court—as it must—construes these allegations "in the light most favorable to [Plaintiff], and then draw[s] all reasonable inferences from them," they do not plausibly give rise to a claim for piercing the corporate veil. *Connelly*, 809 F.3d at 790. Specifically, the Amended Complaint's allegations do not indicate that Defendant Christian exercised domination or control over Corporate Defendants or that he used the corporate form to avoid paying the alleged debt. *Donastorg*, 63 V.I. at 333. Indeed, clearly absent from the Amended Complaint are any factual allegations addressing the non-exclusive list of factors set forth in *Donastorg* for determining when piercing the corporate veil is appropriate. *Id*. at 331-33. In the absence of well-pleaded allegations addressing any of the *Donastorg* factors or any other factors that would bear on the domination

and control exercised by Defendant Christian, "[P]laintiff is not entitled to relief under any reasonable reading of the [Amended Complaint]" pursuant to a piercing the corporate veil theory. *See Acosta*, 53 V.I. at 771.[6]

In sum, Plaintiff fails to allege facts sufficient to plausibly give rise to a claim for piercing the corporate veil.

### III. CONCLUSION

For the foregoing reasons, the Court will grant Defendant Christian's "Motion to Dismiss First Amended Complaint," as to all claims "that rely on personal liability under a corporate 'alter ego' theory." (Dkt. No. 15 at 1).[7] The Court will also deny as moot Plaintiff's "Motion Requesting Ruling." (Dkt. No. 22).

An appropriate Order accompanies this Memorandum Opinion.

Date: September 27, 2016  _____/s/_____
WILMA A. LEWIS
Chief Judge

---

[6] In its Opposition, Plaintiff includes several factual allegations and exhibits that are not referenced in his Amended Complaint. (*See* Dkt. No. 17 at 2-3). However, as noted in this Court's June 4, 2014 Memorandum Opinion dismissing Plaintiff's Complaint without prejudice, "[t]he Court will not . . . look to Plaintiff's Opposition to cure any deficiency in the pleading." (Dkt. No. 9 at 3 n.2 (citing *Commw. of Pa. ex. rel Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) ("It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss."))). The same principle applies here. For the current analysis, the Court considers only those allegations contained in the Amended Complaint. *Frederico v. Home Depot*, 507 F.3d 188, 201-02 (3d Cir. 2007) ("[A]lthough [plaintiff] has subsequently stated in her briefs that her initial attempt to return the truck occurred prior to 10:00 PM, . . . we do not consider after-the-fact allegations in determining the sufficiency of her complaint under Rules 9(b) and 12(b)(6)"). In any event, the additional allegations and exhibits would not alter the Court's conclusion because they fail to allege that Defendant Christian exercised such domination and control over Corporate Defendants as to make piercing the corporate veil appropriate.

[7] This Memorandum Opinion and the accompanying Order dismiss only those claims "that rely on personal liability under a corporate 'alter ego' theory," *i.e.* claims that Defendant Christian is individually liable for the acts of Corporate Defendants because piercing the corporate veil is appropriate. (Dkt. No. 15 at 1). Any claims in the Amended Complaint that Defendant Christian is liable individually as a result of his own actions remain unaffected.