# DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. CROIX

| | | |
|---|---|---|
| **CESAR CASTILLO, INC.,** | : | |
| Plaintiff, | : | |
| v. | : | CIVIL ACTION NO. 2012-108 |
| **HEALTHCARE ENTERPRISES, L.L.C., d/b/a PRINCESSE PHARMACY; OCTAVIO RX, ENTERPRISES, L.L.C., d/b/a CHRISTIAN'S PHARMACY & MEDICAL SUPPLIES; and GERARD M. CHRISTIAN,** | : : : : | JUDGE MANNION |
| Defendants. | : | |

## MEMORANDUM

Before the Court is Plaintiff's Motion For Summary Judgment (Dkt. No. 41), Plaintiff's "Petition Requesting Motion For Summary Judgment Be Deemed Admitted As Unopposed" (Dkt. No. 42), and "Defendant Gerard M. Christian's Opposition To Entry Of Judgment" (Dkt. No. 43). Plaintiff did not reply to Defendant Christian's response brief. For the reasons set forth below, the Court will deny Plaintiff's Motion For Summary Judgment.[1]

---

[1] In light of this decision, the Court will deny as moot Plaintiff's "Petition Requesting Motion For Summary Judgment Be Deemed Admitted As Unopposed."

## BACKGROUND AND PROCEDURAL HISTORY

Plaintiff is a Puerto Rico-based corporation that sells pharmaceutical and chemical products. (Dkt. No. 13-1). Defendants are two corporate entities—Healthcare Enterprises, L.L.C. d/b/a Princesse Pharmacy and Octavio RX, Enterprises, L.L.C., d/b/a Christian's Pharmacy & Medical Supplies (collectively "Corporate Defendants")—as well as individual defendant Gerard M. Christian, who owns both of the corporate entities. Plaintiff filed its original Complaint against Defendants on November 30, 2012 in an action to collect on a debt. (Dkt. No. 1). Defendants filed a Motion to Dismiss the Complaint for failure to properly plead a basis for this Court's jurisdiction. (Dkt. No. 5). In an Order and accompanying Memorandum Opinion, the Court granted Defendants' Motion to Dismiss and dismissed Plaintiff's Complaint without prejudice. (Dkt. Nos. 8, 9). Plaintiff subsequently filed its Amended Complaint, which became the operative Complaint. (Dkt. No. 13). Except for slight changes in the allegations regarding diversity jurisdiction, the original Complaint and the Amended Complaint are identical. The Court dismissed the Amended Complaint as to Defendant Christian, but only to the extent that Plaintiff's claims relied on the theory that he was using the corporate entities in order to shield himself from personal liability. In a footnote, the Court explained:

> This Memorandum Opinion and the accompanying Order dismiss only those claims "that rely on personal liability under a corporate 'alter ego' theory," *i.e.*, claims that Defendant Christian is individually liable for the acts of Corporate Defendants because piercing the corporate veil is appropriate. (Dkt. No. 15 at 1). Any claims in the Amended Complaint that Defendant Christian is liable individually as a result of his own actions remain unaffected.

(Dkt. No. 24 at 9 n.7, Mem. Opinion, Sept. 27, 2016).

Turning to the facts of the case, the record indicates that on March 30, 2010, Plaintiff extended Defendant Christian's Pharmacy & Medical Supplies a line of credit with a limit of $50,000 in order to facilitate the pharmacy's purchase of pharmaceutical drugs. (Dkt. No. 41-8). The balance on the debt eventually reached $235,945.00. (Dkt. No. 41-9).[2] Christian's Pharmacy—a separate entity owned by Defendant Christian but which is not a party to this case—tried four times to make partial payments on the debt, but each attempt at payment resulted in a returned check for insufficient funds. The first attempt occurred on May 9, 2011 for $19,663.34. (Dkt. No. 41-7). The second attempt occurred on June 13, 2011 for $25,428.72. (Dkt. No. 41-6). The third attempt occurred on June 21, 2011 for $29,897.55. (Dkt. No. 41-

---

[2] Plaintiff wrote in its Undisputed Statement of Facts that the balance owed was $235,730.80. (Dkt. No. 41-1). Plaintiff does not clarify the discrepancy.

5). The fourth attempt occurred on August 1, 2011 for $19,000. (Dkt. No. 41-4).

Plaintiff argues that it then entered into two payment agreements (also referred to herein as "payment plans") with the Corporate Defendants. The first agreement was entered into on October 26, 2011. (Dkt. No. 41-9). In that agreement, Defendant Christian, on behalf of Christian's Pharmacy, agreed to make weekly payments on the debt by way of a manager's check in the amount of $7,000 per week. *Id.* At the time of that agreement, the balance on the debt was $235,945.00. After this agreement failed, the parties entered into a modified agreement on March 12, 2012, whereby Defendant Christian agreed to weekly payments of $1,250 through electronic debit. (Dkt. No. 41-10). At the time of the second agreement, the balance on the debt was $235,542.19, according to the payment plan exhibit submitted by Plaintiff. *Id.* What transpired after the parties entered into the second agreement is unclear from the record, but Plaintiff maintains that the debt remains unpaid.

Fast forward three-and-a-half years later, and Plaintiff states it "has been unable to obtain any discovery responses from the defendants" and now moves for summary judgment in light of the fact that Defendants have not taken any action since moving to dismiss the Amended Complaint. (Dkt.

No. 41 at 1). Plaintiff claims that Defendants are jointly and severally liable for the debt, because Defendant Christian "acknowledged the debt and personally agreed to keep up with the payments." *Id.* at 4-5.

Only Defendant Christian responded to the motion, arguing very briefly that "[i]f one examines the exhibits included in Plaintiff's motion for summary judgment, conspicuously absent is any document signed by Mr. Christian in his individual capacity promising to be personally liable for the debts of each of the corporate defendants." (Dkt. No. 43 at 2).

The Court agrees with Defendant Christian that Plaintiff has failed to demonstrate that he is individually liable for the debt owed and thus will deny Plaintiff's motion as to him. Additionally, even though Corporate Defendants have not put forth any evidence of their own to create a material issue of fact regarding the amount that *they* owe, the Court will also deny the motion as to them.

## DISCUSSION

### A. APPLICABLE LEGAL PRINCIPLES

#### a. STANDARD OF REVIEW

In filing for summary judgment, Plaintiff complied with LRCi 56.1(a)(1) by filing a Motion and a Statement of Undisputed Facts. Only Defendant Christian responded. (Dkt. No. 43).

Notwithstanding Corporate Defendants' failure to respond to Plaintiff's Motion for Summary Judgment, the Court may not simply grant the motion as to them, because the failure to respond to a motion for summary judgment does not automatically entitle the moving party to the relief sought. *Patra v. Penn. State Sys. of Higher Educ.*, 779 F. App'x 105, 108 (3rd Cir. 2019) (citing *Anchorage Assocs. v. V.I. Bd. of Tax Review*, 922 F.2d 168, 175 (3d Cir. 1990)). The moving party must show entitlement to such relief. *See* Fed. R. Civ. P. 56(e)(3) (if a party fails to properly address an opposing party's factual assertions, the court may grant summary judgment "if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to [judgment.]").

To prevail on a motion for summary judgment, a movant must show that there is "no genuine dispute as to any material fact," and that, based on the uncontroverted facts, it is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also King v. Police and Fire Federal Credit Union*, 2019 WL 2226049 at *4 (E.D. Pa. May 22, 2019). Thus, the moving party bears the initial burden of demonstrating the absence of any genuine issue of material fact. *Goldenstein v. Repossessors Inc.*, 815 F.3d 142, 146 (3d Cir. 2016) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

In reviewing a summary judgment motion, the district court is required to view all facts "in the light most favorable to the non-moving party, who is 'entitled to every reasonable inference that can be drawn from the record.'" *Seamans v. Temple Univ.*, 744 F.3d 853, 859 (3d Cir. 2014) (citations omitted). In addition, "at the summary judgment stage, a court may not weigh the evidence or make credibility determinations; these tasks are left to the fact-finder." *Anderson v. Warden of Berks Cnty. Prison*, 602 F. App'x 892, 895 (3d Cir. 2015) (internal citations and quotation marks omitted). The role of the court is to "determine whether there is a genuine issue for trial." *Stiegel v. Peters Twp.*, 600 F. App'x 60, 63 (3d Cir. 2014) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986) (internal quotation marks omitted)). A genuine issue of material fact exists when the fact-finder, viewing the record evidence, could rationally find in favor of the non-moving party. *See Anderson*, 477 U.S. at 248.

### b. Breach of Contract

In order to establish a breach of contract claim under Virgin Islands law, a plaintiff must establish: "(1) an agreement, (2) a duty created by that agreement, (3) breach of that duty, and (4) damages." *Arlington Funding Servs., Inc. v. Geigel*, 51 V.I. 118, 135 (V.I. 2009) (internal citation omitted).

An agreement may be either express, one in which is stated in oral or written words, or implied wholly or partially from the parties' conduct. *See* Restatement (Second) of Contracts §4; *Delta Elec. v. Biggs*, 63 V.I. 876 (D.V.I. App. Div. 2011).

Even though the payment plans are stylized as debt repayment contracts, they specifically state that Defendants' weekly payments are to "be used to purchase products." Thus, they involve the sale of goods and are governed by the provisions of the Uniform Commercial Code, which "applies to transactions in goods." *See* V.I. Code Ann. tit. 11A, §2-105 (1) ("Goods" are "all things (including specially manufactured goods) which are movable at the time of identification to the contract for sale . . . investment securities . . . and things in action."

### B. ANALYSIS

#### a. Liability of Corporate Defendants

At first glance, Plaintiff's action on the outstanding debt seems relatively straightforward. The amount owed on the second payment plan is specified in the contract, and Plaintiff has filed an affidavit from one of its representatives who states that Defendants have not made payment. (*See* Dkt. No. 41-11).

- 8 -

However, a deeper dive into both Plaintiff's briefing and the contents of the payment plans reveals, as mentioned above, the existence and potential liability of a third, distinct corporate entity—Christian's Pharmacy—which, although similarly sounding to "Christian's Pharmacy And Medical Supplies," is actually a non-party to this case. Christian's Pharmacy is referenced within the documents as being liable for a substantial portion of the debt, and Plaintiff argues that the three entities are "jointly and severally liable." (*See* Dkt. No. 41 at 4). In the October 26, 2011 payment plan, the amount owed per entity is as follows: $60,166.52 for "Christian's Pharmacy," $118,664.32 for "Christian's Pharmacy & Medical Sup," and $57,114.16 for "Princesse Pharmacy." In the March 12, 2012 payment plan, the amount owed per entity is as follows: $3,334.20 for "Christian's Pharmacy," $158,093.83 for "Christian's Pharmacy & Medical Sup," and $57,114.16." Although "Christian's Pharmacy" and "Christian's Pharmacy & Medical Sup" sound as if they could be the same entity, the documents indicate that they have separate client numbers, and other exhibits submitted with Plaintiff's motion refer to them as separate companies. Plaintiff has not offered any explanation for how the Court can grant it relief against "Christian's Pharmacy," and, by not naming that entity as a party to this lawsuit, Plaintiff

effectively asks this Court to do something which it has no authority to do—order a nonparty to pay down the debt along with the named parties.

Even if the Court were to determine that Corporate Defendants were jointly and severally liable—an issue that Plaintiff did little, if anything, to develop in its briefing—the Court cannot enforce a contract against a nonparty to the lawsuit. *See Urh v. Buffo*, No. ST-2015-CV-0000315, 2018 WL 1020673, at *5 (V.I. Super. Feb. 20, 2018) ("When entering summary judgment, the Court needs to know not only for whom it should enter summary judgment but also *against whom* it should enter summary judgment.") (emphasis added). The payment plans do not provide that Corporate Defendants and Christian's Pharmacy are jointly and severally liable for the debt. Rather, the payment plans refer to a singular "debtor" and are signed by Defendant Christian only in his capacity as owner of Christian's Pharmacy. The types of phrases that create joint and several liability include the words "we jointly and severally promise," but no such language or anything resembling that phrase is included in the payment plans. *See, e.g.*, Restatement (Second) of Contracts §289 cmt c. (1981) ("The standard modern form to create duties which are both jointly and several is 'We jointly and severally promise,' but any equivalent words will do as well."). Indeed,

Plaintiff does not identify any such words or equivalents in the payment plans that would automatically give rise to joint and several liability.

The amount owed on the debt is also a bit of a problem for Plaintiff. In its motion and Statement of Undisputed Facts, Plaintiff claims that the total debt was $235,730.80. (Dkt. No. 41-1 at 1). Affiant Benito Baez—a representative for Plaintiff at the time of the dealings with Defendants—testified in his affidavit that the amount owed is $235,945.00. Additionally, the second payment plan itself suffers from internal inconsistencies, first stating that the amount owed was $235,542.19 but that the initial balance was $218,542.19. While the Court perused the documents in an attempt to make sense of these discrepancies, it was unable to arrive at a definite number that Plaintiff—if it were to be successful on its claim—would be entitled to, nor should that be the Court's responsibility. The burden is on Plaintiff—as the party seeking summary judgment—to show its entitlement to the relief sought.

While Plaintiff has provided some information concerning the breach of contract claim, a grant of summary judgment on the state of this record would be inappropriate, given 1) the unknown involvement or potential liability of Christian's Pharmacy in the purported breach and 2) the lack of a clear damages figure. Therefore, upon consideration of the current record,

the Court concludes that it cannot grant Plaintiff summary judgment against Corporate Defendants at this time. Accordingly, Plaintiff's motion for summary judgment as to the Corporate Defendants is denied.[3]

### b. Liability of Defendant Christian

Although the Court cannot fully evaluate the sufficiency of Plaintiff's claims against Corporate Defendants, the record is clear enough to make a ruling on the personal individual liability of Defendant Christian. Under Virgin Islands law, the "liabilities of a limited liability company, whether arising in

---

[3] Although Corporate Defendants did not respond to the motion in their own right, the authenticity argument raised in Defendant Christian's opposition brief is equally applicable to all Defendants, because the documents—at least according to Plaintiff—purported to bind all of them. The Court need not make a ruling on this particular issue, given that the denial of the motion rests on other grounds. However, the Court does note that while the English translations of the contracts are each accompanied by an affidavit from a translator who attests that she has reviewed the original documents in Spanish, there are no other circumstantial factors that would persuade the Court of the exhibits' authenticity, *i.e.*, the documents are dated but do not bear the original signatures of the parties. Other courts have expressed similar concerns regarding authenticity for translated documents that have comparable flaws. *See, e.g., Huang v. J & A Entertainment, Inc.*, 2010 WL 2670703, at *1 (E.D.N.Y. June 29, 2010) (explaining previous ruling that declaration by witness who spoke only Chinese *must be submitted in Chinese*, accompanied by certified translation into English); *Perez v. Alcoa Fujikura, Ltd.*, 969 F. Supp. 991, 998-99 (W.D. Tex. 1997) (refusing to consider document translated from Spanish to English when the translated document had "no signature, company logo or letterhead"). Presumably, Plaintiff has the original documents in its possession and submitting them as part of the record might have bolstered the record in a way that would have allowed the Court to give more thorough assessment to the rights and liabilities of all parties involved.

contract, tort, or otherwise, are solely the ... liabilities of the company" and a "member ... *is not personally liable* for a debt, obligation, or liability of the company *solely by reason of being or acting as a member or manager.*" 13 V.I.C. §1303(a) (emphasis added). Virgin Islands law further provides that in order for a member of a limited liability company to be held liable in an individual capacity as a member of the company, there must be 1) a provision indicating as much in the company's articles of organization, and 2) the individual member has provided written consent to be bound by that provision. 13 V.I.C. §1303(c). Here, the most significant defect in the payment plans is that there is no language to indicate that Defendant Christian agreed, in his personal capacity, to assume the debt. The signature block on the agreement states that Defendant Christian signed the agreement as "Owner Christian Pharmacy." While it does appear that Defendant Christian himself negotiated the agreement, there is no evidence in the record indicating that he was doing so in anything other manner than his official capacity as owner of the Corporate Defendants. Moreover, the payment plans indicate that payment was to be made with a "manager's

check,"[4] which implies that the money was to be drawn on behalf of corporate accounts, not Defendant Christian's own personal bank accounts.

Accordingly, the Court finds that Plaintiff has failed to establish that Defendant Christian is individually liable to Plaintiff on the debt owed. Plaintiff's motion is denied with respect to Defendant Christian in his individual capacity.

## CONCLUSION

For the foregoing reasons, the Court will deny Plaintiff's Motion For Summary Judgment (Dkt. No. 41). The Court will also deny as moot Plaintiff's "Petition Requesting Motion For Summary Judgment Be Deemed Admitted As Unopposed" (Dkt. No. 42). An appropriate Order accompanies this Memorandum Opinion.

*s/ Malachy E. Mannion*
MALACHY E. MANNION
United States District Judge

Dated: March 31, 2020
12-108-01

---

[4] *See U.S. v. Ledee*, 772 F.3d 21, 26 n.2 (2014) ("A manager's check, also known as a cashier's check or official check, is a check written by a bank on its own funds. Such checks frequently are purchased by individuals for use in transactions requiring a secure method of payment.") (internal quotations and citations omitted).